IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00838-KLM

OSVALDO BARRIENTOS-SANABRIA,

   Plaintiff,

v.

LAKE COUNTY, COLORADO, a municipality,
EDWARD HOLTE, in his individual and official capacity,
ROD FENSKE, in his official capacity,
ANTONIO LOBATO, in his individual and official capacity, and
AARON D'MIZE, in his individual and official capacity,

   Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Partial Motion for Summary Judgment and Brief in Support** [Docket No. 59; Filed March 20, 2012] (the "Motion"), filed by Defendant Lake County, Colorado through the Lake County Board of Commissioners (the "BOCC"). On April 4, 2012, Plaintiff filed a Response [#60]. On April 20, 2012, Defendant BOCC filed a Reply [#62]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court **GRANTS** the Motion.

**I. Summary of the Case**

The parties agree that the facts relevant to the underlying Motion are few and undisputed. *See Response* [#60] at 2. On October 11, 2009, Plaintiff was arrested at

-1-

approximately 1:30 in the afternoon in Lake County, Colorado in connection with a routine traffic stop. *Motion* [#59] at 3. The arrest was performed by Defendant Deputy Antonio Lobato ("Deputy Lobato"). *Id.* Defendant Lieutenant Aaron D'Mize ("Lieutenant D'Mize"), although off-duty, assisted Deputy Lobato, because he was in the vicinity at the time the arrest was made. *Id.* Plaintiff alleges that each officer was acting in his capacity as a deputy of the Lake County Sheriff's Office at the time of the arrest. *Id.* The parties agree that "Lake County is a governmental entity that exercises powers within its constitutional and statutory parameters through a board of county commissioners," i.e., Defendant BOCC. *Id.* Through this arrest, Plaintiff claims that his First, Fourth, and Fourteenth Amendment rights were violated. *See Second Am. Compl.* [#31].

In addition to the above agreed-upon facts, Plaintiff provides online news articles from *The Denver Post* regarding two incidents post-dating his arrest that involved deputies from the Lake County Sheriff's Office. *See Response* [#60] at 2-3. According to the first article, on April 8, 2010, Deputy John Ortega demonstrated use of a Taser on thirty-four high-school students who had signed release forms. *Ex. B to Response* [#60-2]. He was later arrested on eleven misdemeanor counts of child abuse. *Id.* According to the second article, on April 15, 2010, Deputy Steven James was arrested in connection with an incident in which "he arrested and jailed a Leadville fire captain who was responding to a medical emergency call to treat a woman with a neck injury." *Ex. A to Response* [#60-1].

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere

reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

### III.  Analysis

Defendant BOCC moves for summary judgment on Plaintiff's four claims pursuant to 42 U.S.C. § 1983: (1) Fourth Amendment: excessive force; (2) Fourth Amendment: false arrest/unlawful seizures; (3) First Amendment: freedom of speech; and (4) failure to properly hire, train, supervise, and discipline. *See Motion* [#59] at 2-3; *Response* [#60] at 2. The BOCC argues that it has no authority to set policy or custom on behalf of the Lake County Sheriff's Office and its employees and, further, that it has no authority to supervise or control the Sheriff or his deputies. *See Motion* [#59] at 1-2.

To succeed in his Section 1983 claims against the BOCC, Plaintiff must show that the BOCC has some supervisory authority over the Sheriff and his deputies. *See Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2011 WL 650328, at *11 (D. Colo. Feb. 11, 2011). Pursuant to C.R.S. § 30-11-107, the BOCC has the duty and authority to provide funds for operations by the Sheriff's Office. However, pursuant to the Colorado constitution, the BOCC is a separate, distinct entity from the County Sheriff. *See* Colo. Const. art. XIV, §§ 6, 8; *Bristol v. Bd. of Cnty. Com'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1219 (10th Cir. 2002). "[O]nly a [S]heriff has the right to supervise and control the [S]heriff's deputies" under Colorado law. *Myers*, 2011 WL 650328, at *11 (citing *Tungent v. Bd. of Cnty. Com'rs of Delta Cnty.*, 992 P.2d 650, 652 (Colo. App. 1999); *Bristol*, 312 F.3d at 1219). Accordingly, "the BOCC does not have the legal authority to control or supervise the [S]heriff and the [S]heriff's deputies." *Id.*

Plaintiff concedes that the BOCC "*may* be legally prohibited from setting official policy for the Sheriff . . . ." *Response* [#60] at 2 (emphasis added). However, Plaintiff argues that there may be a nexus between the Sheriff's Office and the BOCC such that an alleged pattern of misconduct by the Sheriff's deputies could be attributed to the BOCC. *See Response* [#60] at 2-3 (referring to the incidents involving the Taser and the arrest of the fire captain) (citing *Ex. A to Response* [#60-1]; *Ex. B to Response* [#60-2]).[1]

Even assuming, *arguendo*, that the BOCC has some supervisory authority over the Sheriff and the Sheriff's deputies based on a sufficiently-close nexus as well as notice of a pattern of misconduct, Plaintiff may only establish liability against a defendant supervisor pursuant to section 1983 by demonstrating: "(1) the defendant promulgated, created, implemented, or possessed responsibility for the continued operation of a policy; (2) the policy caused the complained of constitutional harm; and (3) the defendant acted with the state of mind required to establish the alleged constitutional deprivation." *Myers*, 2011 WL 650328, at *11 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010)). Plaintiff has provided no evidence that the BOCC promulgated, created, implemented, or possessed responsibility for any policy of the Lake County Sheriff's Office. In fact, Plaintiff has provided no evidence in support of any of the three elements. Accordingly, the Court finds that no reasonable fact finder could find in favor of Plaintiff on Plaintiff's claims against the BOCC. *See Myers*, 2011 WL 650328, at *11.

#### IV. Conclusion

For the foregoing reasons,

---

[1] The Court notes that both of the incidents referred to by Plaintiff occurred after the events underlying the present lawsuit.

IT IS HEREBY **ORDERED** that Defendant BOCC's Motion [#59] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant Lake County, Colorado, through the Lake County Board of Commissioners, is **DROPPED** from this action, and the caption of this case is **AMENDED** accordingly.

Dated:  May 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge