IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00838-KLM

OSVALDO BARRIENTOS-SANABRIA,

    Plaintiff,

v.

EDWARD HOLTE, in his individual and official capacity,
ROD FENSKE, in his official capacity,
ANTONIO LOBATO, in his individual and official capacity, and
AARON D'MIZE, in his individual and official capacity,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion for Partial Summary Judgment** [Docket No. 80; Filed December 3, 2012] (the "Motion"). Plaintiff has not filed a response but the deadline for doing so has not expired.[1]

    Defendants seek summary judgment on Plaintiff's excessive force claim. They contend that because Plaintiff does not intend to call any medical witnesses at trial, treating or expert, he cannot prove medical causation or the extent of the internal injuries he has alleged. [#80] at 4-7. They further argue that without medical testimony he cannot establish that the condition of his wrists from handcuffing rose to the level of an actual injury. *Id.*

    A jury trial in this matter is set to begin less than one week from now, on December 10, 2012. The dispositive motion deadline was March 20, 2012. [#25] at 6. Defendants

---

[1] The Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

have not sought leave to amend the deadline or to file an untimely summary judgment motion. They simply assert that they could not have presented this issue sooner because they just recently learned that Plaintiff does not intend to call any medical witnesses at trial. [#80] at 1. The e-mails attached to the Motion, however, show that Plaintiff informed Defendants of his intention not to call any medical witnesses on November 9, 2012, 23 days before Defendants filed the instant Motion. [#80-1] at 1. Defendants fail to offer any reason for waiting 23 days to file the Motion. Moreover, Plaintiff may testify regarding his alleged injuries. Expert medical testimony is not a prerequisite to recovery on an excessive force claim. *See Lynch v. L'Oreal USA S/D, Inc.,* No. 1:11-cv-01343-RBJ-MWJ, 2012 WL 4356231, at *3 (D.Colo. 2012) (citing *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir. 1957) which held that "a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person."). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#80] is **DENIED**.

Dated: December 5, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge