IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00838-KLM

OSVALDO BARRIENTOS-SANABRIA,

    Plaintiff,

v.

EDWARD HOLTE, in his individual and official capacity,
ROD FENSKE, in his official capacity,
ANTONIO LOBATO, in his individual and official capacity, and
AARON D'MIZE, in his individual and official capacity,

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion in Limine** [Docket No. 73; Filed October 1, 2012] ("Defendants' Motion") and Plaintiff's **Motion in Limine to Preclude Admission of Certain Evidence** [#74; Filed October 1, 2012] ("Plaintiff's Motion"). Plaintiff filed a Response to Defendants' Motion [#77; Filed October 16, 2012] and Defendants filed a Response to Plaintiff's Motion [#76; Filed October 15, 2012].  No replies were permitted. The Court has reviewed the pleadings, the exhibits, the case file and the applicable law, and is fully advised in the premises.  For the reasons set forth below, Defendants' Motion [#73] is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion [#74] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    DEFENDANTS' MOTION**

Defendants present six separate requests to exclude certain evidence at trial.  The

1

Court will address each request separately.

### A.     Police Incidents Involving Other Deputies

Defendants first request that the Court preclude Plaintiff from presenting evidence of two alleged police misconduct incidents in 2010 involving deputies of the Lake County Sheriff's Office who are not defendants in this action. [#73] at 1-3. Defendants argue that because the incidents occurred after the October 2009 incident at issue in this case and because they involved different deputies from those involved in this case, the Court should preclude Plaintiff from presenting any evidence of the two incidents. *Id.*

Plaintiff argues in response that the two incidents are relevant to whether Defendant Holte failed to properly train and supervise his deputies, one of the claims in this action pursuant to 42 U.S.C. § 1983. [#77] at 1-5. Plaintiff apparently intends to present an incident that occurred approximately one month before the subject incident as evidence of the failure to train, and Plaintiff contends that the two additional incidents in 2010 further support the failure to train claim. *Id.* at 3.

Both Plaintiff and Defendants cite *Connick v. Thompson*, 131 S.Ct. 1350 (2011) to support their respective positions.  In *Connick*, the Court held that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of [42 U.S.C.] § 1983." 131 S.Ct. at 1359. The Court explained that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* To constitute a violation of § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] came into contact.'" *Id.* (quoting

*Canton v. Harris*, 489 U.S. 378, 388 (1989)).

"[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Id.* at 1360. To demonstrate deliberate indifference for purposes of failure to train, a plaintiff typically must show a pattern of similar constitutional violations by untrained employees. *Id.* "[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates ....'" *Id.* at 1360 n.7 (quoting *Canton*, 489 U.S. at 395 (O'Connor, J., concurring in part and dissenting in part)). Only under very narrow circumstances where the unconstitutional consequences of failing to train are so patently obvious might a pattern of similar violations not be necessary to show deliberate indifference. *Id.* at 1361.

Here, Plaintiff argues that Defendant Holte "failed to properly supervise or train his deputies on the use of force against citizens based on the Herrerra incident," which Plaintiff says occurred in the month before the subject incident and was very similar to the alleged assault at the Lake County Jail against Plaintiff. [#77] at 3. Plaintiff claims that the incidents in February and April 2010 provide further evidence of a failure to train. *Id.*

What Plaintiff's argument fails to recognize, however, is that under *Connick*, Plaintiff must do more than simply show evidence of a failure to train. Plaintiff must show that Defendant Holte had notice that an omission in the deputies' training caused deputies to violate the constitutional rights of citizens, and that Holte did nothing about it. *See Connick*, 131 S.Ct. at 1360. Because the 2010 incidents occurred after the subject incident, they cannot be used to establish notice. Consequently, they are not relevant to Plaintiff's failure

3

to train claim which requires a showing that Defendant Holte acted with deliberate indifference. For these reasons, Defendants' request to preclude Plaintiff from presenting evidence of two alleged police misconduct incidents in 2010 is **GRANTED**.

### B.     Proposed Lay Witnesses Moffit, Ramirez and Allee

Next, Defendants seek to preclude Plaintiff from calling Eric Moffit, Tony Justin Ramirez and Amber Allee as witnesses at trial. Plaintiff's latest Witness List [#85] filed on December 5, 2012, does not include any of these three individuals. Because Plaintiff has not indicated that he will call these witnesses at trial, Defendants' request to exclude them is **DENIED AS MOOT**.

### C.     Proposed Lay Witnesses Wallingford and Franklin

Next, Defendants seek to preclude Plaintiff from calling Rick Wallingford and Mary Franklin as witnesses at trial. Plaintiff's Witness List [#85] does not include Mary Franklin. Thus, the Court need only address Defendants' request to preclude Plaintiff from calling Rick Wallingford.

Defendants assert that Mr. Wallingford is an investigator with the Lake County District Attorney's Office. [#73] at 5. They contend that Mr. Wallingford did not participate in or witness any conduct pertaining to Plaintiff's claims. *Id.* at 6. They argue that without any personal knowledge of the events at issue, he should be prohibited from testifying pursuant to Fed. R. Evid. 602 and 701. *Id.* Additionally, they argue that any information he could provide would be based on inadmissible hearsay. *Id.*

Plaintiff argues in response that because Mr. Wallingford investigated the claims Plaintiff made against Defendants Lobato and D'Mize, he has personal knowledge of the

facts as related to him by Plaintiff, Plaintiff's wife, Lobato and D'Mize. [#77] at 5. Plaintiff further argues that based on his investigation, Mr. Wallingford formed an opinion regarding the criminal charges that were initially brought against Plaintiff. *Id.* at 5-6. Plaintiff contends that such testimony is relevant to the issue of whether excessive force was used against Plaintiff. *Id.* at 6.

Defendants cite no case law to support their request to exclude Mr. Wallingford as a witness. They cite only rules of evidence pertaining to the requirement that a witness have personal knowledge of the matter about which he is testifying and that a lay witness's opinion must be rationally based on his perception. *See* Fed. R. Evid. 602, 701. Defendants fail to present any authority, however, showing that either of those rules prohibits a law enforcement investigator from testifying in court about his findings. The Court, therefore, finds no basis to preclude Mr. Wallingford from testifying. Although Mr. Wallingford's testimony as an investigator of this incident may be based on what others told him, to the extent those statements do not meet the definition of hearsay, or to the extent they satisfy an exception to the hearsay rule, he may testify to those statements. Accordingly, Defendants' request that the Court preclude Mr. Wallingford from testifying is **DENIED**.

      **D.**     **Defendant Lobato's Employment with Lamar Police Department**

Defendants next request that Plaintiff be prohibited from eliciting evidence regarding Defendant Lobato's departure from employment with the Lamar Police Department. Defendants state that Lobato used his personal camcorder to record some police stops he initiated in 2001 and 2003 but failed to disclose the videos in the criminal cases that arose

from the stops. [#73] at 6. Defendants state that Lobato was "pushed into resigning" from the Lamar Police Department in 2004 following an investigation of the videotaping matter. *Id.*

Defendants argue that Lobato's failure to disclose personal videotapes of traffic stops he initiated has no relevance to Plaintiff's claims in this action, in part because those incidents occurred years before the subject incident. [#73] at 8. Additionally, they contend that the decision by the Lake County Sheriff's Office to hire Lobato despite such conduct does not rise to the level of deliberate indifference to the risk of the constitutional violations alleged in this action.

Defendants also argue that the Court should not allow Plaintiff to use the videotaping matter to impeach Lobato's credibility. *Id.* at 8-9. They contend that any probative value the information provides is substantially outweighed by a danger of unfair prejudice. *Id.*

Plaintiff argues in response that the videotaping information is relevant to Lobato's character for truthfulness and thus can be elicited pursuant to Fed. R. Evid. 608(b). [#77] at 7. Plaintiff contends, without any evidentiary support, that because of these prior videotaping incidents involving Lobato, "the district attorney could not use him as a witness." *Id.* Plaintiff contends therefore, that the incidents show Lobato was not a credible witness. *Id.* at 7-8.

Fed. R. Evid. 608(b) provides in pertinent part that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The court, however, may allow inquiry into specific instances of conduct on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness. *Id.*

6

Absent further foundation, the Court disagrees with Plaintiff that the videotaping incidents are probative of Lobato's character for untruthfulness. At this juncture, there is no evidence before the Court that Lobato lied about the incidents, misled investigators or was otherwise untruthful about his conduct. The fact that he failed to turn over videotapes from his personal camcorder of police stops he initiated does not, in the Court's view, show he has a character for untruthfulness unless he was requested to turn them over first. Because further evidence may be necessary to determine the propriety of this evidence, the Court holds its ruling in abeyance on this issue.

### E.    Proposed Expert Witness Leslie Day

Defendants next seek to exclude Leslie Day as an expert witness. Ms. Day, however, is not on Plaintiff's Witness List [#85] and the list reflects that Plaintiff intends to call no expert witnesses. Defendants' request to exclude Ms. Day is therefore **DENIED AS MOOT**.

### F.    References to Religion

Lastly, Defendants request that the Court preclude Plaintiff and his wife from invoking their religious beliefs or church attendance during their testimony for the purpose of enhancing their credibility or promoting the justness of their cause. [#73] at 10. They contend that during her deposition, Plaintiff's wife "demonstrated a tendency to invoke her religious beliefs and church attendance as warranting belief in her credibility, and a correlative disbelief in the credibility of the defense." *Id.* Defendants argue that Fed. R. Evid. 610 prohibits such evidence. *Id.*

Plaintiff argues in response that Defendants fail to cite to any specific statements by

Plaintiff's wife in her deposition that they find objectionable. Plaintiff claims that without knowing what statements Defendants seek to exclude, he cannot specifically respond to Defendants' request.

Fed. R. Evid. 610 provides that "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." The Court intends to enforce this rule, along with the other Rules of Evidence, in the event the issue comes up at trial. The Court will not, however, issue a blanket ruling prohibiting Plaintiff and his wife from making any reference to religion during their testimony given that the scope of Rule 610 is limited to prohibiting the use of such information to attack or support the witness's credibility. Defendants' request is therefore **DENIED WITHOUT PREJUDICE**.

## II.     PLAINTIFF'S MOTION

Plaintiff presents three requests to exclude certain evidence at trial. The Court will address each request separately.

### A.     Police Report

Plaintiff requests that the Court preclude Defendants from introducing into evidence Defendant Lobato's written report regarding the subject incident. [#74] at 1-2. Plaintiff argues that although the information in the report is relevant to this case, Lobato's narrative is hearsay and thus the report should be excluded. *Id.*

Defendants contend that the report is based on Lobato's personal involvement and observations, rendering it admissible under the business records and public records exceptions to the hearsay rule. [#76] at 1. They provide case citations to support their contention that the report is admissible under either of the two exceptions. *Id.*

Fed. R. Evid. 803 provides that certain types of hearsay statements "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Records or statements of a public office are among the hearsay statements not excluded if the record sets out "in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation" and "neither the source of information nor other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). Investigative reports that contain an investigator's factual findings, including factually based conclusions or opinions, are admissible under this rule as an exception to the hearsay rule. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161-162 (1988); *see also Baker v. Elcona Homes Corp.*, 558 F.2d 551, 556 (6th Cir. 1978) (holding that a police report is a public record within the meaning of Rule 803(8) and that the direct observations and recorded data of the officer in the course of his investigation as set forth in the report are admissible under the rule).

Here, Plaintiff acknowledges that the information in Lobato's report is relevant to the issues in this case. The only ground on which Plaintiff challenges the report's admissibility is hearsay. Plaintiff, however, simply argues that the report constitutes hearsay but fails to argue that the public records exception does not apply.

Upon review of Lobato's Narrative Report [#76-1], the Court agrees with Defendants that it satisfies the public records exception to the hearsay rule. The report reflects Lobato's factual findings from a legally authorized investigation of the subject incident. The Court therefore finds that the report is admissible at trial. Plaintiff's request that the report be excluded is **DENIED**.

### B.     Criminal History

Next, Plaintiff requests that Defendants be precluded from presenting evidence of Plaintiff's prior arrests in 2003, 2004, 2007 and 2008. [#74] at 2-4.  Plaintiff argues that none of the prior arrests satisfies the requirements of Fed. R. Evid. 609 regarding impeachment by evidence of a criminal conviction.  *Id.*

Defendants argue that even if the prior interactions with law enforcement are not admissible for impeachment pursuant to Rule 609, they are admissible under Fed. R. Evid. 404(b) "to demonstrate that plaintiff had a motive to immediately and aggressively challenge the October 11, 2009 traffic stop, and further, to show plaintiff's familiarity with arrest procedure and the unlikelihood of the severe emotional distress plaintiff claims from this event." [#76] at 3.  In addition, they argue that the incidents are admissible on cross-examination pursuant to Fed. R. Evid. 608 in that they are probative of his character for truthfulness.  *Id.*

The Court agrees that the incidents are not admissible pursuant to Rule 609.  In a civil case, to attack a witness's character for truthfulness by evidence of a criminal conviction, the crime must have been punishable by death or by imprisonment for more than one year.  Fed. R. Evid. 609(a)(1).  Here, even if Plaintiff's prior arrests resulted in criminal convictions, there is no evidence that such convictions were punishable by more than one year in prison.  Rule 609 also allows impeachment with a criminal conviction, regardless of the punishment, if the elements of the crime required proving a dishonest act or false statement.  Fed. R. Evid. 609(a)(2).  There is no evidence here that Plaintiff has any convictions for which the elements involve a dishonest act or false statement. Accordingly, the prior arrests are not admissible as impeachment evidence under Rule 609.

Nor are they admissible, the Court finds, pursuant to Rule 608(b). As referenced above, Rule 608(b) provides that the court may allow inquiry into specific instances of conduct on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness. Defendants argue that Plaintiff's prior arrests may be elicited on cross-examination because they are probative of Plaintiff's character for untruthfulness. [#76] at 4. Not surprisingly, Defendants fail to provide any case law to support their contention that prior misdemeanor arrests not involving false statements or dishonest acts are probative of Plaintiff's character for untruthfulness and may be elicited pursuant to Rule 608(b). *See id.* The Court being aware of no such authority finds that Defendants may not inquire into Plaintiff's prior arrests pursuant to Rule 608(b).

Defendants also argue that Plaintiff's prior arrests are admissible pursuant to Fed. R. Evid. 404(b). They contend that his prior interactions with law enforcement show he had a motive to "lash out" at Defendant Lobato during the subject incident. [#76] at 4. They also contend that the prior arrests show his familiarity with the arrest process, thus making it less likely he suffered emotional distress from the subject incident. *Id.*

Fed. R. Evid. 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Again, Defendants fail to provide any case law to support their claim that Plaintiff's prior arrests show a motive to "lash out" at Defendant Lobato or that they show his familiarity with the arrest process such that his claim of emotional distress is less likely to

11

be true. The Court finds nothing in Rule 404(b) to support admission of Plaintiff's prior arrests. None of the permitted uses of prior bad acts set forth in Rule 404(b)(2) apply here. Accordingly, Plaintiff's request to preclude evidence of Plaintiff's prior arrests is **GRANTED**.

### C. Expert Testimony Regarding Prior DUI

Lastly, Plaintiff seeks to exclude one of Defendant's expert witnesses, Michael J. Kosnett, MD, MPH. Plaintiff explains that Defendant is presenting this expert witness to impeach Plaintiff's credibility by testifying about Plaintiff's blood alcohol level in a drinking and driving incident from 2007. [#74] at 5. Apparently, when Plaintiff was questioned about the 2007 incident during his 2011 deposition in this action, he stated that he had four beers between noon and 2:00 p.m., yet his blood alcohol reading when he was arrested later that evening was 0.078. *Id.* Defendant's expert intends to testify that Plaintiff's deposition testimony regarding the number of drinks he had that day in 2007 cannot be accurate given his blood alcohol content later that night. *Id.* Plaintiff argues that Defendants are improperly attempting to impeach Plaintiff with extrinsic evidence of specific instances of conduct in violation of Fed. R. Evid. 608(b).

Defendant argues that Dr. Kosnett's testimony "is admissible on the narrow point that plaintiff did not give an accurate account of the volume or timing of his alcohol intake on an occasion two years before" the subject incident. [#76] at 7. They claim this information is relevant to "the jury's ability to assess plaintiff's power of accuracy." *Id.*

The Court agrees with Plaintiff. As referenced above, Fed. R. Evid. 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Here, Defendants are

attempting to use extrinsic evidence in the form of Dr. Kosnett's testimony to prove Plaintiff lied in his deposition about his alcohol intake on a date in 2007.  Clearly, Defendants intend to use that testimony to attack Plaintiff's character for truthfulness.  Defendants fail to offer a persuasive argument that Dr. Kosnett's testimony is not prohibited by Rule 608(b).  In the Court's view, allowing Dr. Kosnett's testimony would result in the type of mini-trial that Rule 608(b) was intended to prevent.  See U.S. v. Velarde, 485 F.3d 533, 561 (10th Cir. 2007) (holding that the reason for excluding extrinsic evidence under Rule 608(b) is to avoid mini-trials that may consume a disproportionate amount of time and confuse the issues).  Accordingly, Plaintiff's request to preclude Dr. Kosnett from testifying about Plaintiff's blood alcohol content during an incident in 2007 is **GRANTED**.

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Defendants' Motion [#73] is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion [#74] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER **ORDERED** that a ruling on Defendants' request to preclude Plaintiff from presenting evidence regarding Defendant Lobato's departure from the Lamar Police Department is **HELD IN ABEYANCE**.

Dated:  December 9, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge