IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00838-KLM

OSVALDO BARRIENTOS-SANABRIA,

    Plaintiff,

v.

EDWARD HOLTE, in his individual and official capacity,
ANTONIO LOBATO, in his individual and official capacity, and
AARON D'MIZE, in his individual and official capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Attorneys' Fees and Costs Against Plaintiff's Counsel** [Docket No. 107; Filed December 28, 2012] (the "Motion"). On May 6, 2013, the Court issued an Order to Show Cause why the Motion should not be dismissed for failure to serve Plaintiff's counsel, Ms. Beattie [#112]. On May 31, 2013, Defendants filed a Response to the Order to Show Cause [#113]. On June 4, 2013, Plaintiff filed a Reply to Defendants' Response to the Show Cause Order, which also incorporates a Response to the Motion [#114] (the "Response"). The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion is **DENIED**.

**I. Background**

Plaintiff was arrested on October 11, 2009 in Lake County, Colorado. *See Defs.'*

1

*Answer* [#33] ¶ 10.  Defendant Deputy Antonio Lobato ("Lobato") arrested plaintiff. Defendant Lieutenant Aaron D'Mize ("D'Mize"), who was off-duty but in the vicinity, assisted.  *Id.*  Plaintiff was handcuffed, transported to and booked in Lake County Jail, and then un-cuffed.  *Id.*  ¶¶ 10, 12, 13.

Plaintiff's counsel represented [P]laintiff for "more than three years, since shortly after [P]laintiff's arrest in October 2009, through the December 2012 jury trial."  *Motion* [#107] at 2.  Plaintiff's Second Amended Complaint ("Complaint") alleged four claims pursuant to 42 U.S.C. § 1983: (1) a claim for excessive force brought pursuant to the Fourth Amendment; (2) a claim for false arrest/unlawful seizure brought pursuant to the Fourth Amendment:; (3) a claim for violation of freedom of speech brought pursuant to the First Amendment; and (4) a claim for failure to properly hire, train, supervise, and discipline pursuant to 42 U.S.C. § 1983.  *2nd Am. Compl.* [#31] at 13-20.  The Complaint alleged injuries including abrasions "on the right side of [Plaintiff's] forehead and bruising [in] this area of his face," *id.* ¶¶ 18, 21, and high levels of pain in his neck and wrists, *id.* ¶ 25, requiring "injections on December 16, 2009, into his wrists for the pain he was still experiencing over two months after" his arrest.  *Id.* ¶ 26.  The Complaint also alleged "fractures to [Plaintiff's] left and right wrist and a . . . compression fracture to the neck and right shoulder."  *Id.*  At the time of the final pretrial order signed by the Court on July 2, 2012, Plaintiff listed three treating and one retained physician as "will call" witnesses.  *Final Pretrial Order* [#69] at 18-19.  It was not until November 9, 2012, that Plaintiff decided he would not pay the costs of presenting medical testimony at trial, and Plaintiff's counsel informed Defendants that Plaintiff would not call "any of the doctors" Plaintiff had listed as

trial witnesses. *Defs. Motion for Partial Summary Judgment, Ex. A, Email* [#80-1].[1]

Plaintiff's claims were tried from December 10, 2012, through December 13, 2012. *Final Judgment* [#103] at 1. "The Court granted Defendant Holte's oral motion pursuant to Fed. R. Civ. P. 50(a) for judgment as a matter of law as to the failure to train claim against Defendant Holte." *Id.* The trial proceeded to conclusion on the excessive force claims against Defendants Lobato and D'Mize, and the jury rendered its verdict in favor of Defendants Lobato and D'Mize. *Id.*

Defendants moved "pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 54(d) for the attorneys' fees and costs against [P]laintiff's counsel, Heather Beattie, that were incurred due to her pursuit of injury claims refuted by the objective evidence of which she was in possession." *Motion* [#107] at 1. As part of its judgment, the Court awarded costs to defendants, against plaintiff, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. *See Final Judgment* [#103]. "As it relates to costs, [the M]otion requests that [P]laintiff's counsel be ordered to pay those costs incurred due to her conduct described in [the M]otion." *Motion* [#107] at 1 n.1.

## II. Analysis

### A.    Proper Service

"The due process clause of the Fifth Amendment, U.S. Const. amend. V, requires

---

[1] The Court notes that, though this may have caused Defendants understandable frustration, this notice was in compliance with the Amended Civil Trial Procedures Order, which provided that "three business days before the trial, counsel shall provide opposing counsel and the court with their final witness lists, including an estimate of each witness' direct examination testimony time. Each witness designated as a "will call" witness shall be counsel's representation, upon which opposing counsel can rely, that the witness will be present and available for testimony at trial." *Amended Civil Trial Procedures Order* [#70] at 2.

that an attorney facing sanctions in federal court be given notice and an opportunity to be heard before final judgment." *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990)). The Court is mindful that "prior to imposing fees and costs upon an attorney for whatever reason, the district court should provide the attorney with an opportunity to fully brief the issue." *Id.*

The Court finds that service and notice to Plaintiff's counsel was effectuated, as she admittedly received, but ignored, both the hard copy and email copy of the Motion. *See Resp.* [#114] at 2, 6. Further, defense counsel's attempt to confer is reflected in defense counsel's telephone record from December 21, 2012, showing calls placed to Plaintiff's counsel's cellular and office numbers. *See Defs. Ex. G, Schluter & Assocs. Tel. Record* [#115-1]. Therefore, Plaintiff's counsel has been provided with an opportunity to respond fully to Defendants' arguments and has done so, *see Resp.* [#114] at 6, and the Court may proceed to consider the merits of Defendants' request for sanctions pursuant to 28 U.S.C. § 1927.

**B.     Sanctions Pursuant to 28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.[2] Sanctions sought pursuant to § 1927 can be awarded even

---

[2] Plaintiff's counsel, citing non-binding authority from the Western District of Louisiana, argues that she does not recall receiving any notice or warning from Defendants or the Court that her pursuit of her client's claims was "unreasonable or vexatious." *Resp.* [#114] at 15. However, the Tenth Circuit has explicitly rejected the application of the Rule 11 notice requirement to a motion

4

in the absence of a finding of bad faith. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008). The Court's analysis focuses on the objective nature of the conduct, not the attorney's subjective intent. *Id.* (an attorney who acts with "an empty head and a pure heart" may be sanctioned); *see Ctr. For Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) ("[t]he standard to be applied [in § 1927 claims] is one of objective bad faith."). The Tenth Circuit has held that sanctions are appropriate pursuant to § 1927 when an attorney is "cavalier or 'bent on misleading the court;'" when an attorney "intentionally acts without a plausible basis;" "when the entire course of the proceedings was unwarranted;" when "certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation;" or when an attorney engages in "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). Sanctions pursuant to § 1927 are not reserved for particularly "striking or egregious" conduct; they are imposed to compensate the victims of dilatory practices, not as a means of punishment. *Hamilton*, 519 F.3d at 1203. However, although a showing of a "protracted course of vexatious conduct" is not necessary, *id.*, § 1927 "is penal in nature, [and] the award should be made only in instances evidencing serious and [studied] disregard for the orderly process of justice." *Miera*, 143 F.3d at 1342 (quotations and citations omitted).

      Defendants compare Plaintiff's counsel's conduct to that described in a non-binding

---

for sanctions pursuant to § 1927. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006).

case from the United States District Court of New Jersey. *Alphonso v. Pitney Bowes, Inc.*, 356 F. Supp. 2d 442, 457 (D.N.J. 2005), concerned an attorney who continued to pursue an injury claim in the face of "non-supportive medical records and deposition testimony before Plaintiff's counsel prior to trial." The federal district court ruled that the plaintiff's attorney "did not have a good faith basis for seeking post-1999 damages for emotional distress" because "the abject lack of evidence, at some point long before trial, should have given pause to Plaintiff's counsel . . . and driven him to reconsider keeping this claim alive for trial." 356 F. Supp. 2d at 457. The *Alphonso* court ruled that the attorney's conduct constituted a "vexatious pattern of assertion of post-1999 emotional distress damages" and therefore, pursuant to § 1927, the court ordered the plaintiff's counsel to pay a portion of defense fees and costs. *Id.* at 457-58 ("one-half of the reasonable and necessary fees for defense counsel's services and the expert's fee.").

In *Alphonso*, the court ruled, "Plaintiff's counsel knew, or should have known, upon receiving Plaintiff's medical records, that he had never seen a psychiatrist or other mental health care provider for claimed distress." *Id.* at 455 (emphasis added); *see Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159 (10th Cir. 1985) (affirming an award of sanctions pursuant to 28 U.S.C. § 1927 where the attorney continued to assert a claim against the defendant with knowledge that it had no legal or factual basis long after it would have been reasonable and responsible to have dismissed the claim). These circumstances do not appear to be present here. Plaintiff's counsel argues that Defendants "do not provide the Court with the entire picture based on the multitude of discovery done, e.g. Dr. Dorf's deposition testimony refuting their claim [that] the wrist injury was pre-existing." *Resp.* [#114] ¶ 22. She alleges that there was a "genuine debate" over the medical

evidence. *Id.* ¶ 14. She claims that her client "made a decision to prosecute his case without the medical testimony and that was his decision to make." *Id.* ¶ 8. Though Defendants offer the Court excerpts of a deposition which appear to support their interpretation of the facts, *see Dorf Depo., Def. Ex. H* [#115-2], these limited excerpts only support the assertion that Defendants' theory of defense had merit, not that the deposition in no way supported Plaintiff's claim that he had suffered an injury or that Plaintiff's claim was entirely baseless. On the contrary, the various filings on the docket indicate that Plaintiff's counsel was in possession of evidence suggesting, although not conclusively, that Plaintiff had suffered an injury as a result of the incident. *See Exhibits in Support of Expert Disclosures* [#41-1] at 16 (review of Plaintiff's initial evaluation with Vail Orthopedics suggesting various injuries), 22 (interrogatory responses indicating that injuries may have occurred during Plaintiff's arrest), 31 (indicating 25% "Total whole person impairment"). Even Defendants admit "there was disagreement about whether [Plaintiff] sustained any actual injury," suggesting that when the case went to trial there were still contested material facts to be decided by a jury. *Reply* [#115] at 5.

Though Defendants spend a great deal of time criticizing Plaintiff's counsel's description of the alleged injuries in the initial Complaint, it is widely recognized that § 1927 only applies to the multiplication of proceedings and not to the initiation of proceedings. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006); *see, e.g.*, *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999); *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). Section 1927 can only be applied to Plaintiff's counsel's conduct in attempting to preserve and advance a claim, *id.* at 1226, and though the Second Amended Complaint makes a

single reference to fractured left and right wrists and a fractured neck, [#28-1] ¶ 26, Plaintiff's counsel's subsequent filings with the Court modify this allegation as, presumably, Plaintiff's counsel's understanding and interpretation of the medical evidence changed. *See Pltf. Resp. to Motion for Partial Summary Judgment* [#60] at 14 (alleging sprained wrists, a sprained neck and shoulder, and emotional injuries); *Report of Koziol* [#66-1] at 8 (report of purported law enforcement expert, who was not recognized by the Court as such, containing allegations that Plaintiff's injuries were consistent with the misuse of handcuffs); *Koziol Depo.* [#66-2] at 160:1-7 ("My understanding in reviewing is that [Plaintiff] had injuries to both his wrists which were consistent with the types of injuries that are sustained by individuals who are wearing handcuffs, and if subjected to considerable amount of force, they can extend from soft tissue injuries to tendon problems to bone bruises and far worse than that."). "Inadvertence, incompetence, [and] unskillfulness do not warrant sanctions under § 1927," and the Court declines to find that the misinterpretation of technical medical documents cited by Defendants is sufficient for a finding of reckless disregard for the duty owed by counsel to the Court. *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000); *see Braley*, 832 F.2d at 1511-12.

Section 1927 is not a "catch all" provision designed to serve as a basis for sanctioning any and all attorney conduct that courts want to discourage. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Instead, § 1927 is an "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert*, 440 F.3d at 1224. Thus, as litigation proceeds, an attorney must be prepared to re-evaluate her claim and act accordingly. *Id.* Even if the exhibits

initially available to Plaintiff were misinterpreted by Plaintiff's counsel at first blush, the exhibits presented sufficient evidence to make a claim of excessive force plausible and to justify Plaintiff's counsel's pursuit of the claim. The Court recognizes the importance of ensuring that § 1927 "in no way will dampen the legitimate zeal of an attorney in representing [her] client." H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782 (discussing 1980 amendments that provided for assessment of attorney's fees as well as costs pursuant to § 1927); *see Braley*, 832 F.2d at 1511. Thus, the "power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard [sic] disregard for the orderly process of justice.'" *Dreiling*, 768 F.2d at 1165 (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968) (noting that because § 1927 sanctions only "serious and studied disregard" of the judicial process, the court was "reluctant to find that the misquote was intentional" because "a sloppy mistake in a quotation might be at least understandable on the part of a careless attorney.")). Under these circumstances, the Court cannot identify conduct on the part of Plaintiff's counsel which "manifests intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

Even assuming that Plaintiff's counsel's interpretation of the evidence was flawed or incomplete, counsel will not be personally liable for excess costs, expenses, or attorneys' fees pursuant to § 1927 if there is no basis for a finding that the conduct for which such sanctions are sought *multiplied the proceedings*. 28 U.S.C. § 1927; *see, e.g.*, *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) (holding that plaintiffs' counsel's failure to inform opponent of counsel's correspondence with state court and of state court's

continuing exercise of jurisdiction over case after removal to federal court did not multiply proceedings); *Beam v. IPCO Corp.*, 838 F.2d 242 (7th Cir. 1988) (taking dim view of counsel's futile attempt to mislead the court, but holding that misrepresentation of controlling law in an appellate brief did not multiply proceedings); *Reyes v Banco Santander*, 583 F. Supp. 1444 (D. P.R. 1984) (holding that where proceedings were kept streamlined, simple, and within normal bounds of litigation, § 1927 could not serve as basis for prevailing plaintiff's claim for attorneys' fees). Regardless of the severity of Plaintiff's alleged injuries, and regardless of how Plaintiff's counsel originally presented them in the Complaint, the Court is not convinced that defense counsel would have chosen not to conduct the same discovery if Plaintiff's counsel had alleged "sprains" instead of "fractures." Section 1927 applies only to conduct that "multiplies the proceedings in any case unreasonably and vexatiously," and the Court cannot make such a finding on the basis of Defendants' allegations. 28 U.S.C. § 1927.

Defendants argue that Plaintiff's counsel's decision to pursue unsupported injury claims through the completion of trial supports the imposition of sanctions pursuant to § 1927. *Motion* [#107] at 8. In *Dreiling v. Peugeot Motors of America Inc.*, the Tenth Circuit affirmed the district court's imposition of § 1927 sanctions based on a finding that the attorney continued to assert a claim against the defendant with knowledge that it had no legal or factual basis long after it would have been reasonable and responsible to have dismissed the claim. It is true that, although an attorney may be entitled to rely on her client for information when the action is commenced, continued reliance on client information may be unjustified when discovery fails to reveal facts necessary to maintain the claim. *See, e.g.*, *Deretich v. City of St. Francis*, 650 F. Supp. 645 (D. Minn. 1986)

(holding that plaintiff's counsel multiplied the proceedings unreasonably and vexatiously by pursuing litigation after it had clearly become frivolous because counsel should have been fully alerted to the weakness of the claims when her client was unable to articulate supportive facts at his deposition).  However, even after learning that she would be unable to call her expert witnesses, either due to expenses or a court order, Plaintiff's counsel had an objectively reasonable basis to proceed to trial.

A § 1983 excessive force claim "requires two separate inquires: (1) the mixed factual-legal inquiry in deciding whether the force used was reasonable, *Fisher v. City of Las Cruces*, 584 F.3d 888, 894-95 (10th Cir. 2009), and (2) the legal inquiry [into] whether the officer's actions were objectively reasonable in light of clearly established law, *id.* at 901." *Cavanaugh v. Woods Cross City*, --- F.3d --- , 2013 WL 2501748, at *8 (10th Cir. June 12, 2013).  Expert medical testimony is not a prerequisite to recovery on an excessive force claim.  *See Lynch v. L'Oreal USA S/D, Inc.*, No. 1:11-cv-01343-RBJ-MWJ, 2012 WL 4356231, at *3 (D. Colo. Sept. 24, 2012) (citing *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir. 1957) which held that "a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person.").  In other words, an excessive force claim is not dependent on physical injury or even physical contact, but on "patently unreasonable conduct" by the arresting officer.  *See Cortez v. McCauley*, 478 F.3d 1108, 1131 (10th Cir. 2007).  Therefore, even after Plaintiff declined to pay for medical testimony, Plaintiff's counsel's decision to bring the question to the jury was supported by applicable case law.  *See id.* at 1129 n.25 (holding that in a handcuffing case, "to recover on an excessive force claim, a plaintiff must show: (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure,

and (2) some actual injury caused by the unreasonable seizure that is not *de minimis*, be it physical or emotional"); *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001) ("We likewise decline to adopt a "bright-line" standard dictating that force cannot be "excessive" unless it leaves visible cuts, bruises, abrasions or scars.").

A party seeking attorney's fees and costs has the burden of proof as to entitlement and amount, and runs the risk that its fees and costs will be denied if it does not carry this burden. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986). However, even assuming that Plaintiff's counsel proceeded with a groundless claim, it does not appear that any of the fees or costs claimed by Defendants would have been prevented by a decision to drop the excessive force claim in November and continue to trial on only the claims for violation of freedom of speech and failure to properly train. *See Aff. Certifying Def. Med. Discovery Fees & Costs* [#108]; *Jackson v. Diversified Collection Servs., Inc.*, 485 F. App'x 311, 312 (10th Cir. 2012) (affirming denial of § 1927 sanctions where moving party failed to sufficiently "identify the basis for the sanctions, the extent of the multiplicity, and *the costs arising from the objectionable conduct*") (emphasis added); *Peterson*, 124 F.3d at 1396 ("[A] a matter of professional courtesy, [plaintiffs' counsel] should have contacted [defense] counsel before filing his motion for a default judgment . . . . [H]owever . . . the stay proceeding would still have been necessary, and *there is no evidence that it would have been less costly*.") (emphasis added). Therefore, Defendants have failed to show that the costs claimed arose from any objectionable conduct or multiplication of proceedings. Accordingly, Defendants' request for sanctions pursuant to § 1927 is **denied**.

## C.     Costs pursuant to Fed. R. Civ. P. 54(d)(1)

As part of its judgment, the Court awarded costs to defendants, against plaintiff, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  *See Final Judgment* [#103].  The Motion, which was filed contemporaneously with the proposed Bill of Costs, seeks "those costs incurred due to [Plaintiff's counsel's] conduct described in [the M]otion." *Motion* [#107] at 1 n.1.  However, all costs that should be awarded pursuant to Fed. R. Civ. P. 54(d)(1) have already been calculated and awarded.  *See Bill of Costs* [#110]; *Certificate of Judgment* [#111] ("Costs awarded on January 24, 2013, in the amount of $5,214.13").  Therefore, the relief Defendants seek is **denied as moot**.

## D.     Inherent Power to Sanction

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 5 L. Ed. 242 (U.S. 1821)).  One of those inherent powers is "to assess attorney's fees against counsel" when "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Id.* at 45-46 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)).  The Court does not find that these facts indicate bad faith on the part of Plaintiff's counsel.  Therefore, the Court declines to exercise this inherent power to sanction and **denies** Defendants' request for sanctions pursuant to this power.

## III. CONCLUSION

IT IS HEREBY **ORDERED** that Defendants' Motion for Attorney's Fees and Costs [#107] is **DENIED**.

Dated:  June 27, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge